Michael Liskow (243899)
liskowm@thesultzerlawgroup.com
Janine L. Pollack
Pollackj@thesultzerlawgroup.com
**THE SULTZER LAW GROUP P.C.**
351 West 54th Street
New York, New York 10019
Tel: (212) 969-7810
Fax: (888) 749-7747

C. Mario Jaramillo (195343)
cmj@access.law
**ACCESS LAWYERS GROUP**
527 South Lake Avenue, Suite 200
Pasadena, CA  91101
Tel: (877) 360-3383
Fax: (866) 686-5590

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO DELAMORA, Individually and On Behalf of All Others Similarly Situated, | C.A. No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| TUMBLEWEED F/K/A ROCKTAPE, INC. and IMPLUS FOOTCARE LLC, | |
| Defendants. | |

## **INTRODUCTION**

Plaintiff, Mario DeLaMora ("Plaintiff"), by and through his undersigned counsel of record, on behalf of himself and all others similarly situated, submits this class action complaint ("Complaint") against Defendants Tumbleweed f/k/a RockTape, Inc. (hereinafter "Tumbleweed") and Implus Footcare LLC (sometimes also referred to as Implus LLC) (collectively hereinafter "Implus") (Tumbleweed and Implus are collectively hereinafter referred to as "Defendants"), and

based upon personal knowledge as to his own acts and circumstances and based upon information and belief as to all other matters, alleges as follows.

1.      This case pertains to false and misleading representations by Defendants concerning products sold by them under the brand name Rocktape,[1] referred to collectively herein as "RockTape" or the "Products."  These false representations have been made in a concerted and orchestrated effort to prey on consumers' eternal hope that products exist that can quickly and effortlessly alleviate their pain, treat their injuries, and enhance their athletic performance.

2.      Defendants have deceptively represented that by simply applying strips of stretchy tape onto the skin above an injured area, consumers (ranging from serious athletes to those with less active lifestyles) can treat numerous common injuries, improve and enhance athletic performance, reduce or delay fatigue, and obtain relief from pain.

3.      RockTape belongs to a group of products known as "kinesiology tape" or "kinesio tape."

4.      Unlike standard or traditional athletic tape, kinesio tape is not wound around portions of the body, but instead is pre-stretched and then stuck onto the skin above the affected area(s) of the body.

5.      The concept for kinesio tape originated with a Japanese chiropractor named Kenzo Kase, who came up with the idea in the 1970s.  The idea was as lacking in substance or merit then as it is now.  Defendants' creative and aggressive marketing efforts (replete with false and misleading claims and misrepresentations) are the only reason that Defendants have been able to sell significant amounts of the Products at premium prices.

---

[1] This term is intended to include, without limitation, Standard RockTape, Digit Tape, RockTape Pre-Cut, Bulk RockTape, RockTape H2O, RockTape Extra Sticky, RockTape AR, RockTape Hemp, and RockTape Precut Edema Strips.

CLASS ACTION COMPLAINT

6.      RockTape sells at a substantial premium over the price of standard athletic tape, a premium which exists (and which consumers are willing to pay) only because of Defendants' false and misleading claims made in connection with the sale of RockTape.

7.      Despite this substantial price premium, RockTape is no more effective in treating sports and non-sports injuries than the significantly less expensive standard athletic tape (and it may in fact, be less effective).  Despite RockTape's logo and tagline, "Go stronger, longer," which appears on every package and on the websites that sell the Products, the scientific community that has studied kinesio tape has come to the conclusion that it does not treat injuries, improve or enhance athletic performance, reduce or delay fatigue, or provide relief from pain, nor does it do so any better than conventional sports tape.

8.      Defendants make their false and misleading representations on the package of the Products, on their own website, and through third-party online retailers.  The third-party online retailers who sell the Products typically post a picture of the box containing many of the false and misleading representations in addition to posting text that contains statements similar to those made by Defendants.  In order to be a reseller of RockTape Products, the prospective reseller must fill out an application and set up an account.  Many of the third-party online retailers claim to be authorized sellers of RockTape.  As such, it is Defendants who have orchestrated and implemented a scheme of deception to the public regarding RockTape, including Plaintiff and the Class, both through their own sales to the public (including in retail stores) and through third-party online retailers, as described more fully below.

## **PARTIES**

9.      Plaintiff is an individual residing in Alta Loma, California, who is a citizen of California.  Plaintiff purchased the Product while a resident and citizen of California.

10.    Defendant Tumbleweed is a New Jersey foreign profit corporation with a filing date of January 11, 2019 and the company's mailing address is 1610 Dell Avenue, Campbell, California 95008, in Santa Clara County.[2]  Tumbleweed is currently owned by Implus; RockTape, Inc. was acquired by Implus in or around October 2018.  Implus, through Tumbleweed and formerly through RockTape, Inc., sells a variety of fitness and athletic support products, including (in addition to RockTape), pain relief creams, mobility tools, resistance bands, and protective gear for weightlifting and other fitness and athletic activities.  Under "Our Mission" on the www.rocktape.com website, it states, "We're more than just a tape company. We are a movement company" that "help[s] athletes of every level go stronger, longer with the best kinesiology tape, cutting-edge education and fitness support products."[3]  On that website, it states at the bottom, "Copyright © 2019 Implus LLC" and "Designed in California."[4]  The customer service number on the website is 408-912-ROCK (7625), a northern California area code.  Additionally, Tumbleweed, in its Instagram post, lists its Campbell, California address and clicking on the "call" link leads to a California number, 408-912-7645, as indicated by the screenshots below:

---

[2] https://www.njportal.com/DOR/BusinessNameSearch/Search/BusinessName (last visited July 3, 2019).
[3] www.rocktape.com/consumer ("Our Mission") (last visited July 3, 2019).
[4] *Id.*





11.     Defendant Implus is a limited liability company, organized under the laws of North Carolina, with a principal place of business at 2001 T.W. Alexander Drive, Box 13925, Durham, North Carolina 27709.  Implus describes itself as "an industry-leading consumer packaged goods company specializing in fitness, outdoor, sporting goods and footcare products," and sells products under more than 20 brand names.[5]

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from that of Defendants.

13.     This Court has personal jurisdiction over Defendants because: (a) Defendant Tumbleweed has a place of business in this District and lists its mailing address as 1610 Dell Avenue, Campbell, California 95008,[6] Santa Clara County, which was the principal place of business of RockTape, Inc.; and (b) Defendants sell products and transact business within this District.

14.     Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because: (a) a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this District; Defendants distributed, advertised and sold the Products, which are the subject of the present Complaint, in this District; and (c) Defendant Tumbleweed has a place of business in this District.

---

[5] www.implus.com/who-is-implus (last visited July 3, 2019).
[6] https://www.njportal.com/DOR/BusinessNameSearch/Search/BusinessName (last visited July 3, 2019).

CLASS ACTION COMPLAINT

## **FACTUAL ALLEGATIONS**

15.     On or about March 1, 2017, Plaintiff purchased RockTape (Black Logo 2") online from Rogue Fitness, at www.roguefitness.com, at a price of $18.00.  It was shipped to his home in California.

16.     Plaintiff was experiencing pain in his knees during workouts, and he purchased the RockTape in order to treat this condition.  He also used it on his shoulder.

17.     In making his purchase of RockTape, Plaintiff reviewed and relied on Defendants' claims and representations about RockTape, including those claims and representations made on the RockTape packaging pictured on the Rogue Fitness website and repeated on the Rogue Fitness website, as described below.

18.     On information and belief, Rogue Fitness is an authorized seller of RockTape Products.  The RockTape website states at the bottom, "Become a Reseller" and clicking on that leads to a webpage that says, "Interested in Carrying RockTape Products in Your Store?"[7]  A business interested in selling RockTape submits an application and sets up an account.  Many of the third-party online retailers state that they are authorized dealers or authorized sellers of RockTape.  In addition, many of the RockTape third-party online retailers have links directly to advertising by Defendants, including www.roguefitness.com, which posts a YouTube video provided by RockTape.[8]

19.     In    selling    the    Products,    Defendants,    both    directly    and    through www.roguefitness.com    and    other    third-party    online    retailers    (including    amazon.com), misrepresented the qualities of the Products to Plaintiff and members of the Class.  For example, the packaging for RockTape, a picture of which is shown on www.roguefitness.com (as well as

---

[7] https://www.rocktape.com/about-us/resellers/ (last visited July 3, 2019).
[8] https://www.roguefitness.com/rocktape-2-black-logo (last visited July 3, 2019).

CLASS ACTION COMPLAINT

on the websites of the other third-party online retailers), contains the following visible representations, among others:

- "Go stronger, longer"

- "Treat Sport Injuries"

- "Delay Fatigue"

- "Enhance Performance"

20.     Below are photographs of the box from the RockTape purchased by Plaintiff:

CLASS ACTION COMPLAINT



**Photo 1**

**Photo 2**

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



**Photo 3**

CLASS ACTION COMPLAINT



**Photo 4**

CLASS ACTION COMPLAINT



**Photo 5**

CLASS ACTION COMPLAINT



**Photo 6**

21. Below are photographs of the current version of the same RockTape box:

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16



17

**Photo 1**

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT



**Photo 2**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23



24      **Photo 3**

25
26
27
28

CLASS ACTION COMPLAINT



**Photo 4**

**Photo 5**

CLASS ACTION COMPLAINT



**Photo 6**

22.    The statements from the RockTape packaging in Paragraph 19 above appear on the box of RockTape purchased by Plaintiff, and they also appear on current RockTape packaging.[9] To the extent that the language on some of the current RockTape packaging varies from the above-quoted language, any such variances are not material, and all or virtually all of the boxes have the same three bullet points prominently displayed on the front panel: "TREAT SPORT[S] INJURIES"; "DELAY FATIGUE"; and "ENHANCE PERFORMANCE."

_____

[9] *See* ¶ 20, Photo 1; ¶ 21, Photo 1.

23.     Accordingly, every package of RockTape contains the same claims and representations such that every person who purchases a RockTape Product is exposed to these claims and representations, including the tagline, "Go stronger, longer," which appears on every box and on the websites that sell RockTape Products.

24.     The Rogue Fitness website, www.roguefitness.com, in addition to having a picture of the box, adopts and repeats the concepts in the above-quoted statements from the RockTape packaging.  For example, the Rogue Fitness website states that the RockTape Black Logo 2" will "**ENHANCE PERFORMANCE AND RECOVERY.**  Unlike regular compression garments and tapes, ROCKTAPE's AR series can be used both to apply compression to promote recovery, or decompression to relieve pain and swelling.  Rocktape is engineered to meet the demands of endurance athletes like runners, swimmers and cyclists."[10]  Moreover, the Rogue Fitness website states, *inter alia*, that RockTape has "180% stretch, the same elasticity as skin, to promote full range of motion," and "[t]ighter weave, which enables muscle to more easily snap back to neutral."[11]  The language for these statements was obviously provided by Defendants.

25.     The RockTape website, www.rocktape.com, makes the following representations, among others, which are consistent with and mirror the representations on the Rogue Fitness website, www.roguefitness.com, and on the RockTape packaging:

- Go stronger, longer[12]

- "PAIN* STOPS HERE"[13]

- "Pain stops* with RockTape Kinesiology Tape"[14]

---

[10] https://www.roguefitness.com/rocktape-2-black-logo (last visited July 3, 2019).
[11] *Id.*
[12] www.rocktape.com (last visited July 3, 2019).
[13] *Id.*
[14] www.rocktape.com/consumers/products/rocktape/overview (last visited July 3, 2019).

- "Soothe pain* and improve athletic performance with RockTape Kinesiology Tape"[15]

- "Turns down the volume on pain*"[16]

- "Decompresses swelling and inflammation"[17]

- "Delays fatigue"[18]

- "Relieves swelling through decompression which speeds recovery"[19]

- "It can be used to treat sports and non-sports injuries, including shin splints, plantar fasciitis, runner's knee and back pain*"[20]

26.     Defendants have continuously promoted the falsehood that RockTape differs from, and is superior to, traditional athletic tape by claiming on the package that "[u]nlike conventional tape which constricts blood-flow, RockTape lifts the skin away from muscles, which increases blood flow."[21]

27.     Similarly, on the RockTape website, under the heading, "**HOW KINESIOLOGY TAPE WORKS,"** and the sub-heading "**Decompresses swelling and inflammation**," Defendants claim, "[w]hen RockTape is applied to the skin, it has a microscopic lifting effect underneath the skin and between the many layers.  This allows the by-products created by inflammation to be removed more quickly."[22]

28.     There is some suggestion in the relevant literature that consumers could benefit from a placebo effect when using kinesiology tape:  "Some experts have suggested there may be a placebo effect in using the tape, with athletes believing it will be helpful," [but] "[n]o clinically

---

[15] *Id.*
[16] www.rocktape.com/consumers/products/rocktape/how-it-works (last visited July 3, 2019).
[17] *Id.*
[18] *Id.*
[19] http://shop.rocktape.com/2-black-rocktape-pre-cut/ (last visited July 3, 2019).
[20] *Id.*
[21] *See* photograph 5 in Paragraph 20 above and photograph 3 in Paragraph 21 above.
[22] https://www.rocktape.com/medical/products/rocktape/how-it-works/ (last visited July 3, 2019).

important results were found to support the tape's use for pain relief."[23]  Defendants do not disclose to consumers that if there are any health benefits to be obtained from RockTape, they are limited to the placebo effect.

29.     Through misleading statements in their labeling, advertising, and marketing of RockTape, Defendants have promoted the myth that their Products work to treat numerous sports-related (and non-sports-related) injuries, enhance performance and relieve pain.  Defendants profit handsomely by making misleading claims about such qualities.

30.     Unfortunately for consumers, the pain relief, performance enhancement and injury treatment claims made by Defendants are false, deceptive, and misleading.  RockTape is not the panacea it is claimed to be by Defendants.

31.     Defendants dupe consumers with false and misleading promises of results they know they cannot deliver; and do so with one goal in mind – selling larger volumes of RockTape to consumers and reaping enormous profits.

32.     As explained more fully herein, Defendants have made, and continue to make, false, deceptive and misleading claims and promises to consumers about the efficacy of RockTape in a pervasive marketing scheme that misleads consumers about the true nature of the products.  RockTape Products do not perform as claimed by Defendants.

33.     The premise that there are any health benefits or performance enhancement to be derived by tensioning or adjusting the skin through the application of stretchable sports tape (kinesio tape), such as increasing blood flow, is not supported by scientific evidence, and is not accepted by the medical community.

---

[23] Kinesio Tape for Athletes: A Big Help, or Hype? http://www.webmd.com/fitness-exercise/kinesio-tape-athletes-help-hype (last visited July 3, 2019).

CLASS ACTION COMPLAINT

34.    To the contrary, there are numerous recently published studies and reviews that reveal the ineffective and useless nature of kinesiology tape.  The conclusions of these studies and reviews unmask the deception utilized by Defendants to market RockTape:

- Conclusion: "This review provides the most updated evidence on the effectiveness of the Kinesio Taping for musculoskeletal conditions. The current evidence does not support the use of this intervention in these clinical populations."[24]

- Conclusion: "The application of Kinesio Taping, with the aim of stimulating the lymphatic system, is ineffective in decreasing acute swelling after an ankle sprain in athletes."[25]

- Conclusion: "Kinesio Taping applied with stretch to generate convolutions in the skin was no more effective than simple application of the tape without tension for the outcomes measured. These results challenge the proposed mechanism of action of this therapy."[26]

- Conclusion: "There was no substantial evidence to support the use of [kinesio tape] for improvements in other musculoskeletal outcomes (pain, ankle proprioception or muscle activity)."[27]

- Conclusions: "No differences between [the kinesio taping group and the control group] were observed . . . in most balance measurements.  Any observed improvements in the kinesio group "may be related to a subjective increase in confidence after the tape application."  In other words, "the belief among athletes that taping will protect them from injury means that taping may have a subjective perception of security [a placebo effect]."[28]

---

[24] *Current evidence does not support the use of Kinesio Taping in clinical practice: a systematic review*, Journal of Physiotherapy 60 (2014), at 31-39 (last visited July 3, 2019 from http://www.sciencedirect.com/science/article/pii/S1836955314000095).
[25] *Kinesio Taping does not decrease swelling in acute, lateral ankle sprain of athletes: a randomised trial*, Journal of Physiotherapy 61 (2015), at 28-33 (last visited July 3, 2019 from http://www.sciencedirect.com/science/article/pii/S1836955314001489).
[26] *Kinesio Taping to generate skin convolutions is not better than sham taping for people with chronic non-specific low back pain: a randomised tria*l, Journal of Physiotherapy 60 (2014) 90–96 (last visited July 3, 2019 from http://www.sciencedirect.com/science/article/pii/S1836955314000368).
[27] *Kinesio Taping in Treatment and Prevention of Sports Injuries A Meta-Analysis of the Evidence for its Effectiveness*, Sports Medicine (Auckland, N.Z.) [Sports Med] 2012 Feb 1; Vol. 42 (2), pp. 153-64.
[28] *Effect of Kinesiology Tape on Measurements of Balance in Subjects with Chronic Ankle Instability: A Randomized Controlled Trial* (Archives of Physical Medicine and Rehabilitation 2015; 96: 2169-75).

25

- Conclusion: "our results do not support the claim that [kinesio taping] improves muscle endurance."[29]

- Conclusion: "The application of [kinesio tape] immediately before physical effort, as performed in this study, does not improve muscle performance. It can be assumed that [kinesio tape] applied in this study onto thigh muscles is ineffective in improving muscle strength and hence presumably does not enhance knee joint protection by dynamic stabilization."[30]

- Conclusion: "the use of Kinesio Taping in isolation provides no benefit to patients with chronic low back pain." In addition, "[p]atients with low back pain will not get additional benefit from the use of Kinesio Taping if they receive a treatment consisting of individualized exercise and manual therapy."[31]

- Conclusion: "we cannot support the application of [patellofemoral joint] [Kinesio] taping using a medial correction technique with the intent to alter the [patellofemoral joint] contact area or alignment of the patella during weight bearing."[32]

35.    Pseudoscience, deceptive and misleading claims of purported health benefits--instead of valid research and innovation and actual ability to treat injuries and provide pain relief-- are responsible for the sales of RockTape.

36.    As a result of Defendants' false claims about the benefits of RockTape, consumers, including Plaintiff and other Class members, have paid a premium price for products that do not perform as claimed and advertised. Despite RockTape's logo and tagline, "Go

---

[29] *The Effect of Elastic Therapeutic Taping on Back Extensor Muscle Endurance in Patients with Low Back Pain: A Randomized, Controlled, Crossover Trial* (Journal of Orthopaedic & Sports Physical Therapy, Vol. 45, No. 3, 215-219, March 2015).
[30] *Kinesio Taping does not Alter Quadriceps Isokinetic Strength and Power in Healthy Nonathletic Men: A Prospective Crossover Study* (BioMed Research International, Volume 215, Article ID 62657, 5 pages), accepted December 8, 2015.
[31] *Kinesio Taping Does not Provide Additional Benefits in Patients with Chronic Low Back Pain Who Receive Exercise and Manual Therapy: A Randomized Controlled Trial* (Journal of Orthopaedic & Sports Physical Therapy, Vol. 46, No. 7, 506-513, July 2016).
[32] *Effects of Patellofemoral Taping on Patellofemoral Joint Alignment and Contact Area During Weight Bearing* (Journal of Orthopaedic & Sports Physical Therapy, Vol. 47, No. 2, 115-123, February 2017).

26

stronger, longer," which appears on every package and on the websites that sell the Products, as well as their claims that also appear on every package and on the websites that sell the Products that the Products "treat sport[s] injuries," "delay fatigue," and "enhance performance," and Defendants' other aforementioned representations, the scientific studies performed on kinesio tape contradict Defendants' representations about the qualities of RockTape as described above.

37.     Defendants have been able to charge, and Plaintiff and the other members of the proposed Class have paid, a price premium for RockTape over traditional athletic tape. Defendants have used deceptive claims regarding the purported benefits of RockTape to charge a premium of several times the price of traditional athletic tape, and they have achieved significant sales of RockTape as a result.

38.     Defendants' false, deceptive and misleading representations about the pain-relieving, injury-treating, and performance-enhancing properties of RockTape were and are material; there would be no reason for a consumer to purchase RockTape and pay a premium price for it (over and above the price of traditional athletic tape) if not for the claims and representations about RockTape's ability to relieve pain, treat a variety of injuries, and enhance performance.

39.     Defendants sell RockTape Products to consumers in California and throughout the United States through various channels, including through independent retailers (such as Dick's Sporting Goods, REI, Wal-Mart, Rogue Fitness, and Amazon.com) and through the RockTape website, www.rocktape.com.

40.     Implus, since its acquisition of Tumbleweed, has been an active participant in making the claims and representations about the Products that are the subject of this action.

CLASS ACTION COMPLAINT

Implus LLC owns the copyright for the RockTape website on which many of the false and misleading claims about the Products alleged herein are made.[33]

41.    As stated above, Plaintiff purchased RockTape from the Rogue Fitness website, www.roguefitness.com, for personal use during the Class Period.

42.    Plaintiff saw and read the misrepresentations on the Rogue Fitness website that are attributable to Defendants as alleged herein and on the RockTape packaging (as pictured on the Rogue Fitness website), including the claims that RockTape can be used to treat sports injuries, that it will delay fatigue and that it will enhance athletic performance and recovery.  These claims and representations were material to Plaintiff's purchase of RockTape.

43.    Plaintiff purchased RockTape based on Defendants' material misrepresentations and would not have purchased RockTape, or he would not have paid a premium price for it, had Defendants not made such false, misleading and deceptive claims and instead disclosed the true nature of the Product.

44.    Despite Plaintiff's use of this Product as instructed on the packaging, the RockTape did not perform as claimed and advertised.

## **CLASS ALLEGATIONS**

45.    Plaintiff brings this action as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of a Class consisting of:

> All persons who purchased RockTape in the United States, for personal use and not for re-sale, during the applicable limitations period (the "Class").

46.    Plaintiff also brings this action on behalf of the following subclass:

> All persons who purchased RockTape in California, for personal use and not for re-sale, during the applicable limitations period (the "California Subclass") (the Class and the California Subclass are sometimes referred to herein collectively as the "Class").

---

[33] https://www.rocktape.com/about-us/contact-rocktape/ (last visited July 3, 2019).

47.    Excluded from the Class are Defendants and their subsidiaries and affiliates, governmental entities, and the judge to whom this case is assigned and any immediate family members thereof.  Plaintiff reserves the right to modify or amend the Class definition, as appropriate.

48.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

49.    **Numerosity – Fed. R. Civ. P. 23(a)(1)**.  The Class is so numerous that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes that there are at least hundreds, if not thousands, of Class members.  The precise number of Class members and their addresses are unknown to Plaintiff but may be ascertained from Defendants' books and records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, social media, and/or published notice.

50.    **Commonality and Predominance – Fed. R. Civ. P. 23(a)(2) and 23(b)(3)**.  This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members.  All Class members were subject to the same business practices complained of, Defendants' marketing and sales of RockTape, including on the package, RockTape website and third-party online retailer websites, including www.roguefitness.com, about RockTape's ability to relieve pain and treat a variety of injuries, and they purchased the Products as a result of those claims and representations.

51.    There are questions of law and fact common to the Class, which predominate over any issues specific to individual Class members.  The principal common questions include:

a)    whether Defendants advertise or market the Products in a way that is false, deceptive, or misleading;

29

b)      whether, by the misconduct set forth in this Complaint, Defendants have engaged in unfair, deceptive or unlawful business practices with respect to the labeling, advertising, marketing and sales of the Products;

c)      whether Defendants failed to disclose material facts regarding the Products;

d)      whether Defendants violated the California Consumer Legal Remedies Act, Cal. Civil Code, § 1750; the California False Advertising Law, Cal. Bus. & Prof. Code § 17500; and/or the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200;

e)      whether Defendants breached implied and/or express warranties in connection with the sale of RockTape to Plaintiff and Class members;

f)      whether Defendants were unjustly enriched by their conduct; and

g)      whether, as a result of Defendants' misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

52.      **Typicality – Fed. R. Civ. P. 23(a)(3)**.  Plaintiff's claims are typical of the claims of the other members of the Class and California Subclass because, among other things, all Class members were similarly injured through the uniform misconduct described herein, and all Class members have the same claims, *i.e.,* that Defendants made false and misleading product claims.

53.      **Adequacy of Representation – Fed. R. Civ. P. 23(a)(4)**.  Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class he seeks to represent; he has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously.  The Class's interests will thus be fairly and adequately protected by Plaintiff and his counsel.

54.      **Superiority – Fed. R. Civ. P. 23(b)(3)**.  A class action is superior to any other available methods for fairly and efficiently adjudicating this controversy, and no unusual difficulties are likely to be encountered in the management of this case as a class action.  The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually

litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if the Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

55.    **Fed. R. Civ. P. 23(b)(2)**. Defendants have acted in a uniform manner on grounds generally applicable to Plaintiff and the other members of the Class in misrepresenting their Products so that final declaratory and injunctive relief as requested herein are appropriate with respect to the Class as a whole.

**CLAIMS FOR RELIEF**

**COUNT I**
**UNJUST ENRICHMENT/QUASI-CONTRACT**
**(On Behalf of Plaintiff and the Class or, In the Alternative, the California Subclass)**
**(Pleaded in the Alternative to other Claims)**

56.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 – 55 as if fully set forth herein.

57.    This claim is asserted in the alternative should there be no adequate remedies at law.

58.    In making his purchase decision, Plaintiff relied on the representations discussed hereinabove contained on the website www.roguefitness.com, which were attributable to Defendants, and which included a picture of the package provided to that online retailer by Defendants.

31

CLASS ACTION COMPLAINT

59.    Plaintiff and the Class and California Subclass members conferred a benefit on Defendants by purchasing RockTape, either directly, through retailers or through third-party online retailers, that was not as represented and advertised.  Defendants are aware that customers purchased their RockTape based at least in part on the representations alleged herein.

60.    Defendants' retention of the monies paid for Products that are not as they are represented and advertised to be by Defendants, either directly or through third-party online retailers via information provided by Defendants to such retailers, violates the principles of justice, equity and good conscience.

61.    Plaintiff paid money, as set forth above, to purchase RockTape that was not as represented by Defendants.  Similarly, Class and California Subclass members paid money for RockTape Products that were not as they were represented to be, either directly by Defendants or through third-party online retailers via information provided by Defendants to such retailers.

62.    It would be inequitable and unjust for Defendants to retain the benefit of such monies obtained from Plaintiff and the Class and California Subclass because Defendants misrepresented the Products, either directly or through third-party online retailers via information provided by Defendants to such retailers.

63.    As a result, Plaintiff and the members of the Class and California Subclass are entitled to restitution from Defendants in the amount by which Defendants were unjustly enriched through sales of their RockTape Products that were misrepresented as to their qualities.

64.    Plaintiff, on behalf of himself and the other members of the Class and California Subclass, seeks restitution or, in the alternative, imposition of a constructive trust on the funds inequitably received and retained.

CLASS ACTION COMPLAINT

## COUNT II

### BREACH OF EXPRESS WARRANTY

**(On Behalf of Plaintiff and the Class or, in the Alternative, the California Subclass)**

65.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-55 above as if fully set forth herein.

66.     Defendants were at all relevant times merchants and sellers.  The third-party online retailer www.roguefitness.com, through which Plaintiff purchased the RockTape, is also a merchant and a seller as are all such third-party online retailers.  When third-party online retailers sell RockTape Products, they advertise and sell them using the information provided directly from Defendants regarding the Products, including by posting a picture of the RockTape package.

67.     Plaintiff relied on the representations by Defendants through www.roguefitness.com regarding the benefits promised from the Products as described hereinabove.  Had Plaintiff known the truth about the Products, *i.e.*, that they were not as represented by Defendants through www.roguefitness.com and as stated on the package, he would not have purchased the RockTape, or would have paid less for it.

68.     The RockTape Products are goods and Plaintiff and the Class and California Subclass members purchased the RockTape Products in a consumer transaction.

69.     Defendants expressly warranted the promises discussed hereinabove to all purchasers, either directly, by making representations on the RockTape website, on the package itself, or by providing information to third-party online retailers who then made similar representations on their websites and posted a picture of the package containing the representations.  Plaintiff and the other members of the Class and California Subclass, prior to making their purchases, relied on these express warranties and they formed a part of the basis of the bargain, as described above.

70.     Because Defendants made the representations discussed above directly on the package or on their own website, or provided such information to third-party online retailers who provided it on their websites, including by posting a picture of the package, Defendants communicated directly to purchasers, including Plaintiff and the members of the Class and

California Subclass, prior to their purchases.

71.   Defendants breached their express warranty to Plaintiff and the other members of the Class and California Subclass because their Products do not perform as represented by Defendants, either directly to Plaintiff and the Class and California Subclass or through third-party retailers.

72.   As a direct and proximate result of Defendants' conduct, Plaintiff and the Class and California Subclass suffered injury and damages in an amount to be determined at trial.

73.   On February 6, 2019, counsel for Plaintiff sent Defendants a notice letter (attached hereto as Exhibit A) via certified mail, return receipt requested, advising them that they had breached their warranties under California law and requested appropriate class wide relief.

74.   Defendants, through counsel, responded on March 8, 2019 but did not agree to take the remedial action requested by Plaintiff for himself and other similarly situated purchasers of the Products.

75.   As a result, Plaintiff and the members of the Class and California Subclass are entitled to damages in an amount to be determined at trial.

## **COUNT III**
### **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(On Behalf of Plaintiff and the Class or, in the Alternative, the California Subclass)**

76.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-55 above as if fully set forth herein.

77.   Defendants were at all relevant times merchants and sellers. The third-party online retailer www.roguefitness.com, through which Plaintiff purchased the Product, is also a merchant and a seller as are all such third-party online retailers.  When third-party online retailers sell RockTape Products, they advertise and sell them using the information provided directly from Defendants regarding the Products, including by posting a picture of the RockTape package.

78.   The RockTape Products are goods and Plaintiff and the Class and California

Subclass members purchased them in a consumer transaction.

79.    The implied warranty of merchantability requires that goods be fit for the ordinary purposes for which goods of that type are used; have adequate labeling; and conform to any promises or affirmations made on any product label.

80.    Defendants breached their implied warranties to Plaintiff and the Class and California Subclass because the RockTape Products did not have the qualities stated on the package, on Defendants' website, or on third-party online retailers' websites based on the information provided to such retailers by Defendants and, as such, were not fit for their ordinary purpose, did not have adequate labeling, and did not conform to the promises or affirmations made. As alleged above, these representations were of material significance to purchasers of RockTape Products.

81.    Defendants' implied warranties extend to Plaintiff and the Class and California Subclass because Defendants knew the purposes for which Plaintiff and the Class and California Subclass were purchasing the RockTape and Defendants manufactured the RockTape for those purposes. Defendants knew that Plaintiff and the Class and California Subclass were making such purchases based upon, among other things, the representations about the ability of the Products to treat injuries, delay fatigue, and enhance performance. Defendants sell directly to consumers, in retail stores, or authorize online retailers to sell their Products including by posting pictures of the package which contains the promises discussed above, and know that consumers rely on their expertise to properly, accurately and truthfully represent the qualities of their Products, either directly to consumers or to third-party online retailers who then provide that information to consumers, including Plaintiff and the Class and California Subclass.

82.    Because Defendants made representations directly on the package or on their own website, or provided such information to third-party online retailers who provided it on their

websites, including by posting pictures of the package, Defendants communicated directly to purchasers, including Plaintiff and the members of the Class and California Subclass, prior to their purchases.  Defendants knew that consumers, including Plaintiff, the Class and the California Subclass, were the ultimate consumers and the targets of the third-party online retailers, who were authorized to sell their Products, and intended consumers to rely on the representations as to the quality of the Products and they were thus the intended beneficiaries of the implied warranties.

83.     Plaintiff relied on the representation on www.roguefitness.com, including the package pictured on the website, which was based on and contained information provided by Defendants.  Had Plaintiff known the truth about the RockTape, *i.e.*, that it was not as represented by www.roguefitness.com through Defendants, including on the pictured box, he would not have purchased the RockTape, or would have paid less for it.

84.     Plaintiff and the Class and California Subclass did not receive Products as represented to them either directly by Defendants or through third-party retailers based on information provided by Defendants because the Products do not perform as represented and thus were not fit for their ordinary purpose, *i.e.*, the particular purpose for which they were sold.

85.     In fact, because the RockTape did not provide any of the promised benefits to Plaintiff, he ultimately ceased using it as applying tape to your body when exercising that does not provide any benefits is counterproductive to achieving a good work-out.

86.     Thus, Defendants breached their implied warranties to Plaintiff and the Class and California Subclass.  As a direct and proximate result of such breach of implied warranties by Defendants, Plaintiff and the members of the Class and California Subclass suffered actual monetary damages in an amount to be determined at trial.

87.     On February 6, 2019, counsel for Plaintiff sent Defendants a notice letter (attached

CLASS ACTION COMPLAINT

hereto as Exhibit A) via certified mail, return receipt requested, advising them that they had breached their warranties under California law and requested appropriate class-wide relief.

88.    Defendants, through counsel, responded on March 8, 2019 but did not agree to take the remedial action requested by Plaintiff for himself and other similarly situated purchasers of the Products.

## COUNT IV

### Cal. Bus. & Prof. Code § 17200, et seq.

### (On Behalf of Plaintiff and the Class or, in the Alternative, the California Subclass)

89.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-55 above as if fully set forth herein.

90.    Plaintiff has standing to pursue this claim under California's Unfair Competition Law ("UCL") because he suffered an injury-in-fact and lost money as a result of Defendants' practices. Specifically, had Plaintiff known the truth about the qualities of the RockTape, that it was not as represented by Defendants on www.roguefitness.com through information provided by Defendants, including on the picture of the box, he would not have purchased the RockTape, or would have paid less for it.

91.    In making his purchase decision, Plaintiff relied on the representations regarding RockTape contained on the website www.roguefitness.com, which was provided to that online retailer by Defendants (including through the picture of the box).  However, scientific studies show that such claims are false and misleading in that they do not provide the benefits represented by Defendants on the Products' box, which was pictured on the Rogue Fitness website, or as stated on the website, based on information that was provided by Defendants.

92.    Defendants' act of misrepresenting the qualities of the Products, including the Product purchased by Plaintiff, either on the box, on their own website, or by providing information to third-party online retailers, constitutes a course of unfair conduct within the meaning of Cal. Civ. Code § 17200, *et seq*.

93.    The conduct of Defendants harms the interests of consumers and market

CLASS ACTION COMPLAINT

competition. There is no valid justification for Defendants' conduct.  The consumer injury is substantial because, for the reasons discussed hereinabove, the misrepresented qualities are so critical to the purchase decision.  Consumers could not reasonably have avoided the injury as they have no reasonable way to test RockTape prior to purchase.

94.    Defendants engaged in unlawful business acts and practices by violating § 17500, Cal. Bus. & Prof. Code and the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, as alleged in Counts V and VI below, respectively.

95.    Defendants engaged in fraudulent business acts or practices and deceptive, untrue or misleading advertising under § 17200 by knowingly misrepresenting the Products as having qualities materially different than what they actually have, as described above, either directly to consumers or by providing information to third-party online retailers who then provide it to consumers on their websites (as in Plaintiff's situation).  Such practices are devoid of utility and outweighed by the gravity of harm to Plaintiff and the Class and California Subclass who lost money by paying for the Products believing they were as represented when they in fact were not.

96.    Plaintiff, the Class and California Subclass and members of the public were likely to be deceived by the misrepresentation of the qualities of the Products inasmuch as such qualities are significant factors in such a purchase.

97.    Defendants knew or should have known that qualities that they stated on the label, provided on their website, and provided to third-party online retailers to post on their websites, were false and misleading in that as the manufacturers and distributors of the Products, they test the Products and determine how to label them. As the manufacturers and distributors of the Products at issue, Defendants were in control of the labels placed on the Products and the representations made about them.

98.    Each of Defendants' unfair, unlawful, and fraudulent/deceptive/misleading practices enumerated above was the direct and proximate cause of financial injury to Plaintiff and the Class and California Subclass.  Defendants have unjustly benefitted as a result of their wrongful conduct.  Plaintiff and Class and California Subclass members are accordingly entitled to have Defendants disgorge and restore to Plaintiff, Class and California Subclass members all

monies wrongfully obtained by Defendants as a result of the conduct as alleged herein.

99.     Plaintiff is also seeking injunctive relief on behalf of himself and the Class and California Subclass.  Plaintiff continues to engage in physical activity and has aches and pains associated therewith.  There is a threat of future harm because as Plaintiff continues to exercise and age, he is likely to continue to experience such aches and pains.  Plaintiff would buy RockTape in the future if Defendants would correctly identify the true qualities of the Products, and also inform third-party online retailers of the true qualities of the Product, so that Plaintiff does not apply tape to his body during physical activity that does not provide the benefits represented by Defendants and forego other treatments in reliance on the effectiveness of the Products instead.  Plaintiff is currently unable to rely on the accuracy of the labeling and advertising of the Products.  He will purchase RockTape Products in the future if they are correctly labeled but without injunctive relief to ensure the accuracy of the labeling and advertising there is still a risk of future harm.

<u>**COUNT V**</u>

**Cal. Bus. & Prof. Code § 17500, et seq.**

**(On Behalf of Plaintiff and the Class or, in the Alternative, the California Subclass)**

100.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-55 above as if fully set forth herein.

101.     California Bus. and Prof. Code § 17500 prohibits untrue or misleading advertising.

102.     Plaintiff has standing to pursue this claim under § 17500 because he suffered an injury-in-fact and lost money as a result of Defendants' practices. Specifically, had Plaintiff known the truth about the qualities of the Products, that they are not as represented on www.roguefitness.com through information provided by Defendants, including on the box pictured on the website, he would not have purchased the RockTape, or would have paid less for it.

103.     In making his purchase decision, Plaintiff relied on the representations regarding the RockTape contained on the website www.roguefitness.com, which was provided to that online retailer by Defendants (including through the picture of the box).  However, scientific

1    studies show that such claims are false and misleading in that they do not provide the benefits

2    represented by Defendants on the Products' box, which was pictured on the Rogue Fitness

3    website, or as stated on the website, which information was provided by Defendants.

4          104.    Advertising and labeling the Products as having certain qualities when they do not

5    have such qualities constitutes a deceptive, untrue, and misleading advertising practice by

6    Defendants under § 17500.

7          105.    Defendants knew or should have known that qualities that they stated on the label,

8    provided on their website, and provided to third-party online retailers to post on their websites,

9    were false and misleading in that as the manufacturer and distributor of the Products, they test the

10   Products and determine how to label them. As the manufacturer and distributor of the Products at

11   issue, Defendants were in control of the label placed on the Products and the representations

12   made about them.

13         106.    Such practices are devoid of utility and outweighed by the gravity of harm to

14   Plaintiff and the Class and California Subclass who lost money by paying for the Products that

15   were mislabeled as to their actual qualities.

16         107.    Plaintiff, the Class and California Subclass and members of the public were likely

17   to be deceived by the misrepresentation of the qualities of the Products inasmuch as such qualities

18   are significant factors in such a purchase.

19         108.    Each of Defendants' practices of untrue or misleading advertising enumerated

20   above was the direct and proximate cause of financial injury to Plaintiff and the Class and

21   California Subclass.  Defendants have unjustly benefitted as a result of their wrongful conduct.

22   Plaintiff and Class and California Subclass members are accordingly entitled to have Defendants

23   disgorge and restore to Plaintiff and Class and California Subclass members all monies

24   wrongfully obtained by Defendants as a result of the conduct as alleged herein.

25         109.    Plaintiff is also seeking injunctive relief on behalf of himself and the Class and

26   California Subclass.  Plaintiff continues to engage in physical activity and has aches and pains

27   associated therewith.  There is a threat of future harm because as Plaintiff continues to exercise

28   and age, he is likely to continue to experience such aches and pains.  Plaintiff would buy

RockTape in the future if Defendants would correctly identify the true qualities of the Products, and also inform third-party online retailers of the true qualities of the Product, so that Plaintiff does not apply tape to his body during physical activity that does not provide the benefits represented by Defendants and forego other treatments in reliance on the effectiveness of the Products instead.  Plaintiff is currently unable to rely on the accuracy of the labeling and advertising of the Products.  He will purchase RockTape Products in the future if they are correctly labeled but without injunctive relief to ensure the accuracy of the labeling and advertising there is still a risk of future harm.

**<u>COUNT VI</u>**

**CAL. CIV. CODE § 1750, *et seq.***

**(On Behalf of Plaintiff and the Class or, in the Alternative, the California Subclass)**

110.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-55 above as if fully set forth herein.

111.    The Consumers Legal Remedies Act ("CLRA") was enacted to protect consumers against unfair and deceptive business practices. The CLRA applies to Defendants' acts and practices because the Act covers transactions involving the sale of goods to consumers.

112.    Plaintiff and members of the Class and California Subclass are "consumers" within the meaning of § 1761(d) of the California Civil Code, and they engaged in "transactions" within the meaning of §§ 1761(e) and 1770 of the California Civil Code, including the purchases of the Products.

113.    Defendants are "person[s]" under Cal. Civ. Code § 1761(c).

114.    The Products are "goods" under Cal. Civ. Code §1761(a).

115.    Defendants' unfair and deceptive business practices were intended to and did result in the sale of the Products.

116.    Defendants violated the CLRA by engaging in the following unfair and deceptive practices:

a)    representing, either directly to consumers or by providing information to third-

41

CLASS ACTION COMPLAINT

party online retailers who then post the information on their websites, including by posting a picture of the box, that RockTape Products have characteristics, uses, or benefits that they do not have, in violation of §1770(a)(5);

b) representing, either directly to consumers or by providing information to third-party online retailers who then post the information on their websites, including by posting a picture of the box, that the Products are of a particular standard, quality, or grade when they are not, in violation of § 1770(a)(7); and

c) advertising, either directly to consumers or by providing information to third-party online retailers who then post the information on their websites, including by posting a picture of the box, the Products with the intent not to sell them as advertised, in violation of § 1770(a)(9).

117.    In making his purchase decision, Plaintiff relied on the representations regarding RockTape contained on the website www.roguefitness.com, which was provided to that online retailer by Defendants (including through the picture of the box).  However, scientific studies show that such claims are false and misleading in that they do not provide the benefits represented by Defendants on the Products' box, which was pictured on the Rogue Fitness website, or as stated on the website, which information was provided by Defendants.

118.    If Plaintiff and the Class and California Subclass members had known that the Products did not have the qualities represented by Defendants to have, they would not have purchased them at all or would not have purchased them at the prices they did.

119.    Plaintiff, the Class and California Subclass and members of the public were likely to be deceived by the misrepresentation of the qualities of the Products inasmuch as such qualities are significant factors in such a purchase.

120.    As a direct and proximate result of Defendants' conduct, Plaintiff and the Class and California Subclass suffered injury and damages in an amount to be determined at trial.

121.    Pursuant to California Civil Code § 1782(a), on February 6, 2019, counsel for Plaintiff sent Defendants a notice letter (attached hereto as Exhibit A) via certified mail, return receipt requested, advising Defendants that they had violated the CLRA and must correct, repair,

42

replace, or otherwise rectify the goods alleged to be in violation of § 1770 for himself and other similarly situated purchasers of RockTape Products.

122.    Defendants, through counsel, responded on March 8, 2019, but did not agree to take the remedial action requested by Plaintiff for himself and other similarly situated purchasers of the Products.

123.    Plaintiff seeks monetary relief under the CLRA.

124.    Plaintiff is also seeking injunctive relief on behalf of himself and the Class and California Subclass.  Plaintiff continues to engage in physical activity and has aches and pains associated therewith.  There is a threat of future harm because as Plaintiff continues to exercise and age, he is likely to continue to experience such aches and pains.  Plaintiff would buy RockTape in the future if Defendants would correctly identify the true qualities of the Products, and also inform third-party online retailers of the true qualities of the Product, so that Plaintiff does not apply tape to his body during physical activity that does not provide the benefits represented by Defendants and forego other treatments in reliance on the effectiveness of the Products instead.  Plaintiff is currently unable to rely on the accuracy of the labeling and advertising of the Products.  He will purchase RockTape Products in the future if they are correctly labeled but without injunctive relief to ensure the accuracy of the labeling and advertising there is still a risk of future harm.

125.    Plaintiff therefore seeks injunctive and declaratory relief, damages, restitution, costs, attorneys' fees, and any other relief available under the CLRA.

126.    Pursuant to section 1780(d) of the CLRA, Plaintiff attaches as Exhibit B an affidavit showing that this action was commenced in the proper forum.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, both individually and on behalf of the other members of the Class proposed in this Complaint, respectfully requests that the Court order the following relief:

A.      An Order certifying the Class and Subclass as requested herein;

1        B.      An Order awarding restitution and disgorgement of Defendants' revenues to
2               Plaintiff and the other members of the proposed Class;

3        C.      An Order awarding equitable relief, including: enjoining Defendants from
continuing the unlawful false advertising practices as set forth herein, directing
4 Defendants to retrieve existing false and misleading advertising and promotional
materials, directing Defendants to engage in a corrective advertising campaign,
5 directing Defendants to identify, with Court supervision, victims of their conduct
6 and pay them restitution, and disgorgement of all monies acquired by Defendants
by means of any act or practice declared by this Court to be wrongful;

7        D.      An Order awarding damages to Plaintiff and the Class, as allowable by law;

8
9        E.      An Order awarding attorneys' fees and costs to Plaintiff and the other members of
the Class; and

10       F.      Such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

CLASS ACTION COMPLAINT

1    Dated:  July 3, 2019                    Respectfully submitted,

2                                            */s/ Michael Liskow*
3                                            Michael Liskow (243899)
                                             liskowm@thesultzerlawgroup.com
4                                            Janine L. Pollack
                                             Pollackj@thesultzerlawgroup.com
5                                            **THE SULTZER LAW GROUP P.C.**
                                             351 West 54th Street
6                                            New York, New York 10019
                                             Tel: (212) 969-7810
7                                            Fax: (888) 749-7747

8
                                             C. Mario Jaramillo (195343)
9                                            cmj@access.law
                                             **ACCESS LAWYERS GROUP**
10                                           527 South Lake Avenue, Suite 200
                                             Pasadena, CA  91101
11                                           Tel:  (877) 360-3383
                                             Fax: (866) 686-5590
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT